UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
UNITED STATES OF AMERICA and
STATE OF NEW YORK
Ex rel. EDWARD LACEY,
LEONARDO VICENTE and KAI GREENE,

        Plaintiffs,

  - against -

BRIGHTPOINT HEALTH,
BRIGHTPOINT CARE, INC., and
HUDSON RIVER HEALTHCARE, INC.,

        Defendants.
------------------------------------------------------------------------------- X

19-CV-11890 (JGK)

**ANSWER TO COMPLAINT**

    Defendants Brightpoint Care, Inc. ("Brightpoint") and Hudson River Healthcare, Inc. ("HRH") n/k/a Sun River Health ("SRH") (collectively, "Defendants"), by their attorneys, answer the Complaint as follows:

    1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff Kai Greene ("Greene" or "Plaintiff") purports to assert claims under 31 U.S.C. § 3730(h) and N.Y. Fin Law § 191.[1]

    2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that SRH operates community health centers throughout New York State.

---

[1] By Notice of Partial Voluntary Dismissal so-ordered by the Court on May 24, 2022, the claims brought by the Plaintiffs under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§ 3729 et seq., and the New York False Claims Act, New York State Finance Law §§ 187 et seq., (Counts I and II) against Defendants Brightpoint Health, Brightpoint Care, Inc., and Hudson River Healthcare, Inc., were dismissed. By stipulation so-ordered by the Court on November 3, 2022, this case was voluntarily dismissed in its entirety as against defendant Brightpoint Health. As a result, the only active claims in the Complaint are the retaliation claims Plaintiff Greene purports to assert under 31 U.S.C. § 3730(h) and N.Y. Fin Law § 191 (Counts III and IV) against defendants Brightpoint Care, Inc. and Hudson River Healthcare, Inc.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, except admit that Kai Greene was previously employed by Brightpoint Health.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint, except admit that Brightpoint Care, Inc. is a not-for-profit corporation organized under the laws of the State of New York.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that HRH n/k/a Sun River Health is a not-for-profit corporation organized under the laws of the State of New York.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit Brightpoint Health and HRH announced a merger on or about December 13, 2018 (the "Merger").

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Defendants hold NPI numbers.

12. Paragraph 12 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 12 contains any factual allegations, Defendants deny them.

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 13 contains any factual allegations, Defendants deny them.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 14 contains any factual allegations, Defendants deny them.

15. Paragraph 15 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 15 contains any factual allegations, Defendants deny them.

16. Paragraph 16 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 16 contains any factual allegations, Defendants deny them.

17. Paragraph 17 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 17 contains any factual allegations, Defendants deny them.

18. Paragraph 18 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 18 contains any factual allegations, Defendants deny them.

19-63. Paragraphs 19 through 63 under the heading "APPLICABLE LAW" purport to set forth the applicable law and framework for pleading federal and state *qui tam* actions under the federal and New York False Claims Acts. These allegations pertain to the already dismissed *qui tam* claims, are irrelevant to the currently-pending retaliation claims, and/or set forth legal conclusions to which no responsive pleading is required. Defendants admit that (i) HRH was, at

all times relevant, a Federally Qualified Health Center which provided services reimbursed by the Medicaid and Medicare programs, and (ii) Brightpoint offered services through New York State's Health Homes Program reimbursed by Medicaid. To the extent that Paragraphs 19 through 63 contain any other factual allegations, Defendants deny them.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, except admit, upon information and belief, that Leonardo Vincente was previously employed by HELP/PSI and further that purported "REALTOR" Vincente was dismissed from this action on May 24, 2022.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, except admit that Paul Vitale was Chief Executive Officer of Brightpoint Health at the time of the Merger.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint, except admit that Edward Lacey joined Brightpoint Health in or around June 2015 and was terminated in or around May 2017 and further that that purported "REALTOR" Lacey was dismissed from this action on May 24, 2022.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint, except admit that, upon information and belief, Brightpoint Health had a business development group.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint, except admit that Greene joined Brightpoint Health as a Care Manager in or around December 2018, reporting to Charlene Vernon, and was terminated in or around May 2019.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint, except admit that Greene's duties and responsibilities included coordinating care plans with providers and interfacing with clients, among other things.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 85 contains any factual allegations, Defendants deny them.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a social worker.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

102. Paragraph 102 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 102 contains any factual allegations, Defendants deny them.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with an emergency contact for a client.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, except admit that SRH employs medical providers.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint, except admit that Greene was terminated in or around May 2019.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Paragraph 139 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 139 contains any factual allegations, Defendants deny them and, further answering, respectfully refer the Court to the statute referenced therein for its contents.

140. Paragraph 140 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 140 contains any factual allegations, Defendants deny them.

141. Paragraph 141 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 141 contains any factual allegations, Defendants deny them.

142. Paragraph 142 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 142 contains any factual allegations, Defendants deny them.

143. Paragraph 143 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 143 contains any factual allegations, Defendants deny them.

144. Paragraph 144 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 144 contains any factual allegations, Defendants deny them.

145. Paragraph 145 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 145 contains any factual allegations, Defendants deny them.

146. Paragraph 146 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 146 contains any factual allegations, Defendants deny them.

147. Defendants deny the allegations in Paragraph 147 of the Complaint and, further answering, respectfully refer the Court to the documents referenced therein for their contents.

148. Paragraph 148 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 148 contains any factual allegations, Defendants deny them.

149. Paragraph 149 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 149 contains any factual allegations, Defendants deny them.

150. Paragraph 150 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 150 contains any factual allegations, Defendants deny them and, further answering, respectfully refer the Court to the statute referenced therein for its contents.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint, except admit that on April 19, 2019, Program Director Jainool Ramjon met with Greene to discuss discrepancies in her client reports and Greene later followed up in an email purporting to raise alleged concerns.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint, except admit that after an investigation was initiated into Greene's falsifying of client reports, Greene contacted the compliance office.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint, except admit that a meeting was scheduled to occur on April 23, 2019.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint, except admit that a meeting with Greene, the Vice President of Human Resources, the Corporate Compliance Officer, and the Vice President of Community Based Programs occurred on April 23, 2019 at which Greene refused to participate.

156. Defendants deny the allegations contained in Paragraph 155 of the Complaint, except admit that Greene was placed on paid administrative leave pending an investigation and was terminated in May 2019.

157-168. Counts I and II of the Complaint were dismissed as so-ordered by the Court on May 24, 2022 and no responsive pleading is required. To the extent that a response is required, the allegations in Paragraph 157 through Paragraph 168 are denied.

169. Defendants reassert their responses to Paragraphs 1-168 of the Complaint as if fully set forth herein.

170. Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171. Defendants reassert their responses to Paragraphs 1-170 of the Complaint as if fully set forth herein.

172. Defendants deny the allegations contained in Paragraph 172 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that Defendants otherwise would not have.

Defendants assert that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses

available. Defendants reserve the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims for relief are barred, in whole or in part, by virtue of her own conduct.

4. The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

5. Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

6. If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages, said damages being expressly denied.

7. Any actions taken by Defendants with regard to Plaintiff were undertaken for legitimate business reasons, and no unlawful factors motivated Defendants' actions toward Plaintiff.

8. Defendants did not take any adverse employment action against Plaintiff on the basis of any protected activity.

9. If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for lawful, non-discriminatory, and non-retaliatory reasons.

10. Plaintiff's claims are barred, in whole or in part, because she did not reasonably believe in good faith that Defendants engaged in fraud or unlawful activity.

11. Plaintiff did not engage in protected activity under the federal and state False Claims Acts.

12. Defendants at all times exercised good faith efforts to comply with the federal and state False Claims Acts.

13. Plaintiff is not entitled to equitable relief insofar as she have an adequate remedy at law.

14. Plaintiff's claims are barred by her ratification and/or consent to the actions allegedly undertaken.

15. Plaintiff is not entitled to punitive damages because Defendants' conduct was not motivated by evil motive or intent, nor was Defendants' conduct in reckless indifference to the protected rights of Plaintiff.

**WHEREFORE**, Defendants request that all counts be dismissed with prejudice and that they be awarded such other relief as the Court deems fair and just.

Dated: December 21, 2022
     New York, New York

DAVIS WRIGHT TREMAINE LLP

/s/ *Lyle S. Zuckerman*
Lyle S. Zuckerman
Michael L. Lynch
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 603-6452
*Attorneys for Defendants Brightpoint Care, Inc. and Hudson River Healthcare, Inc.*