UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
KAI GREENE,

                    Plaintiff,

          - against -

BRIGHTPOINT CARE, INC. and SUN
RIVER HEALTH f/k/a HUDSON RIVER
HEALTHCARE, INC.,

                    Defendants.
------------------------------------------------------------------x

19-CV-11890 (JGK)

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Brightpoint Care, Inc. ("Brightpoint") and Sun River Heath ("SRH") f/k/a Hudson River Healthcare, Inc. ("HRH") (collectively, "Defendants"), by their attorneys, answer the Amended Complaint as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint, except admit that Plaintiff Kai Greene ("Greene" or "Plaintiff") purports to assert claims under 31 U.S.C. § 3730(h) and N.Y. Fin Law § 191.

2. Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint, except admit that SRH operates community health centers throughout New York State.

3. Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. Plaintiff's Amended Complaint appears to unintentionally omit a Paragraph 4. Defendants include this paragraph as a placeholder to keep the rest of this Answer's numbering consistent with Plaintiff's.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, except admit that Kai Greene was previously employed by HRH.

6. Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint, except admit that Brightpoint Care, Inc. is a not-for-profit corporation organized under the laws of the State of New York.

8. Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint, except admit that Sun River Health f/k/a HRH is a not-for-profit corporation organized under the laws of the State of New York.

9. Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint, except admit Brightpoint Health and HRH announced a merger on or about December 13, 2018 (the "Merger").

10. Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint, except admit that Defendants hold NPI numbers.

11. Paragraph 11 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 11 contains any factual allegations, Defendants deny them.

12. Paragraph 12 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 12 contains any factual allegations, Defendants deny them.

13. Paragraph 13 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 13 contains any factual allegations, Defendants deny them.

14. Paragraph 14 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 14 contains any factual allegations, Defendants deny them.

15. Paragraph 15 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 15 contains any factual allegations, Defendants deny them.

16. Paragraph 16 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 16 contains any factual allegations, Defendants deny them.

17. Paragraph 17 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 17 contains any factual allegations, Defendants deny them.

18-59. Paragraphs 18 through 59 under the heading "APPLICABLE LAW" purport to set forth the applicable law and framework for pleading federal and state *qui tam* actions under the federal and New York False Claims Acts. These allegations pertain to the already dismissed *qui tam* claims, are irrelevant to the currently-pending retaliation claims, and/or set forth legal conclusions to which no responsive pleading is required. Defendants admit that (i) HRH was, at all times relevant, a Federally Qualified Health Center which provided services reimbursed by the Medicaid and Medicare programs, and (ii) Brightpoint offered services through New York State's

Health Homes Program reimbursed by Medicaid. To the extent that Paragraphs 19 through 63 contain any other factual allegations, Defendants deny them.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint, except admit that Paul Vitale was Chief Executive Officer of Brightpoint Health at the time of the Merger.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint, except admit that, upon information and belief, Brightpoint Health had a business development group.

66. Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint, except admit that Greene joined Brightpoint Health as a Care Manager in or around December 2018, reporting to Charlene Vernon, and was terminated in or around May 2019.

72. Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint, except admit that Greene's duties and responsibilities included coordinating care plans with providers and interfacing with clients, among other things.

73. Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint, except admit that Greene was responsible for approximately 40 clients.

74. Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77. Paragraph 77 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 77 contains any factual allegations, Defendants deny them.

78. Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene received a voicemail from a social worker.

92. Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

93. Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

94. Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

95. Defendants deny the allegations contained in Paragraph 95 of the Amended complaint, except admit that Greene emailed Program Director, Jainool Ramjohn, on April 19, 2019.

96. Paragraph 96 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 96 contains any factual allegations, Defendants deny them.

97. Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with a client.

99. Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Amended Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Greene spoke with an emergency contact for a client.

107. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Amended Complaint, except admit that SRH employs medical providers.

108. Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Amended Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Amended Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Amended Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Amended Complaint, except admit that Greene was terminated in or around May 2019.

132. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Amended Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134. Paragraph 134 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 134 contains any factual allegations, Defendants deny them and, further answering, respectfully refer the Court to the statute referenced therein for its contents.

135. Paragraph 135 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 135 contains any factual allegations, Defendants deny them.

136. Paragraph 136 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 136 contains any factual allegations, Defendants deny them.

137. Paragraph 137 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 137 contains any factual allegations, Defendants deny them.

138. Paragraph 138 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 138 contains any factual allegations, Defendants deny them.

139. Paragraph 139 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 139 contains any factual allegations, Defendants deny them.

140. Paragraph 140 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 140 contains any factual allegations, Defendants deny them.

141. Paragraph 141 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 141 contains any factual allegations, Defendants deny them.

142. Defendants deny the allegations in Paragraph 142 of the Amended Complaint and, further answering, respectfully refer the Court to the documents referenced therein for their contents.

143. Paragraph 143 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 143 contains any factual allegations, Defendants deny them.

144. Paragraph 144 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 144 contains any factual allegations, Defendants deny them.

145. Paragraph 145 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 145 contains any factual allegations,

Defendants deny them and, further answering, respectfully refer the Court to the statute referenced therein for its contents.

146. Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Amended Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Amended Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Amended Complaint.

152. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Amended Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the Amended Complaint, except admit that on April 19, 2019, Program Director Jainool Ramjon met with Greene to discuss discrepancies in her client reports and Greene later followed up in an email purporting to raise alleged concerns.

154. Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint, except admit that on April 19, 2019, Program Director Jainool Ramjon met with

Greene to discuss discrepancies in her client reports and Greene later followed up in an email purporting to raise alleged concerns.

155. Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint, except admit that after an investigation was initiated into Greene's falsifying of client reports, Greene contacted the compliance office.

156. Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint, except admit that a meeting was scheduled to occur on April 23, 2019.

157. Defendants deny the allegations contained in Paragraph 157 of the Amended Complaint, except admit that a meeting with Greene, the Vice President of Human Resources, the Corporate Compliance Officer, and the Vice President of Community Based Programs occurred on April 23, 2019 at which Greene refused to participate.

158. Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint, except admit that Greene was placed on paid administrative leave pending the results of an investigation and was terminated in May 2019.

159. Defendants reassert their responses to Paragraphs 1-158 of the Amended Complaint as if fully set forth herein.

160. Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161. Defendants reassert their responses to Paragraphs 1-160 of the Amended Complaint as if fully set forth herein.

162. Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that Defendants otherwise would not have.

Defendants assert that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

1. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims for relief are barred, in whole or in part, by virtue of her own conduct.

4. The Amended Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

5. Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands.

6. If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages, said damages being expressly denied.

7. Any actions taken by Defendants with regard to Plaintiff were undertaken for legitimate business reasons, and no unlawful factors motivated Defendants' actions toward Plaintiff.

8. Defendants did not take any adverse employment action against Plaintiff on the basis of any protected activity.

9. If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for lawful, non-discriminatory, and non-retaliatory reasons.

10. Plaintiff's claims are barred, in whole or in part, because she did not reasonably believe in good faith that Defendants engaged in fraud or unlawful activity.

11. Plaintiff did not engage in protected activity under the federal and state False Claims Acts.

12. Defendants at all times exercised good faith efforts to comply with the federal and state False Claims Acts.

13. Plaintiff is not entitled to equitable relief insofar as she have an adequate remedy at law.

14. Plaintiff's claims are barred by her ratification and/or consent to the actions allegedly undertaken.

15. Plaintiff is not entitled to punitive damages because Defendants' conduct was not motivated by evil motive or intent, nor was Defendants' conduct in reckless indifference to the protected rights of Plaintiff.

**WHEREFORE**, Defendants request that all counts be dismissed with prejudice and that they be awarded such other relief as the Court deems fair and just.

Dated: May 3, 2023
      New York, New York                DAVIS WRIGHT TREMAINE LLP

                                                /s/ *Michael L. Lynch*
                                                Lyle S. Zuckerman
                                                Michael L. Lynch

1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 603-6452
*Attorneys for Defendants Brightpoint Care, Inc. and Sun River Health f/k/a Hudson River Healthcare, Inc.*